IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WUMEI LIN, <br><br> Plaintiff, <br><br> v. <br><br><br> HONG KONG HANGLIU LIMITED <br> dba Lzxcbn, <br><br> Defendant. | Case No. 1:25-cv-13507-JCD-HKM <br><br> FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> Honorable Jeremy C. Daniel <br> Magistrate Heather K. McShain <br><br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, Wumei Lin, ("Plaintiff"), hereby files this First Amended Complaint for damages and injunction relief for copyright infringement against Defendant HONG KONG HANGLIU LIMITED dba Lzxcbn, ("Defendant") and in support of its claims states as follows:

## NATURE OF THE ACTION

1. Plaintiff is the owner of all rights, title, and interest in and to United States Copyright Registrations for specific photographic art. The Plaintiff owns the following federal copyright registration number for his original photographs, including VA0002441336 (the "Copyrighted Photos").

2. Plaintiff is a professional photographer who licenses his photographic works to clothing companies for commercial use in advertising and marketing.

3. Defendant is an online storefront ("Online Stores") operating on TEMU (the "Platform"), which has used Plaintiff's Copyrighted Photos without authorization.

4. Plaintiff has never licensed Defendant to use the Copyrighted Photos, nor is Defendant otherwise authorized to display the photos.

1

FIRST AMENDED COMPLAINT
FOR COPYRIGHT INFRINGEMENT

Case No. 1:25-cv-13507-JCD-HKM

5. Defendant's unlawful use of the Copyrighted Photos on the Platform deprives Plaintiff of licensing revenue, undermines his ability to issue exclusive licenses, and causes irreparable harm to his livelihood and reputation.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

7. This Court may exercise personal jurisdiction over Defendant because Defendant directly targets business activities towards consumers in Illinois.

8. Additionally, Defendant copied and now displays Plaintiff's Copyrighted Photos without license or authorization to residents of Illinois through the Platform.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business activities toward consumers in the United States, including Illinois, through its operation of or assistance in the operation of the fully interactive, commercial internet store operating under the Defendant domain names and/or the Defendant Internet Store on Temu.com.

10. Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendant because the claims asserted herein arise under federal copyright law, Defendant would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. See NBA Props., Inc. v. HANWJH, 46 F.4th 614, 622-23 (7th Cir. 2022).

## THE PARTIES

11. Plaintiff is an individual and the owner of numerous Group Registrations of Published Photographs ("GRPPH"), specifically United States Copyright Registration No. VA0002441336 (the "Copyrighted Protected Photos" or "Group Registrations of Published Photographs") and the GRPPH are attached hereto as **Exhibit 1**. The Registration is valid, subsisting and in full force and effect.

12. Plaintiff owns all rights, including, without limitation, the rights to reproduce the Copyright in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending the protected works.

13. Plaintiff licenses his copyrighted photos to clothing suppliers so they can use them to market their products, which is how Plaintiff earns a living.

14. The Plaintiff has issued exclusive licenses over the Copyrighted Photos involved in this suit.

15. Loss of exclusivity and control over the photos creates serious harm to the Plaintiff, who relies on limiting the availability of the Copyrighted works to sustain their value.

16. Unauthorized use by the Defendant destroys exclusivity, devalues the Copyrighted Photos, and diminishes future licensing opportunities.

17. Plaintiff has neither licensed nor authorized the Defendant to use the Copyrights.

18. The continued distribution of unlicensed Copyrighted Photos to sell clothing using Plaintiff's work devalues the work that the Plaintiff produces in two ways:

    a) prevents it from being used by the licensees of the artwork to make their high-quality products appear distinct; and

b) shows future licensees that buying an exclusive license comes with no guarantee of exclusivity.

19. The damage to Plaintiff of continued infringement is imminent, irreparable, and unquantifiable.

20. Defendant is a business entity of unknown corporate organization and/or structure, which owns and/or operates the Online Store on the Platform.

21. Upon information and belief, Defendant resides and/or operates in foreign jurisdictions outside the United States.

22. Defendant conducts business across the United States, including in this judicial district, through the operation of its Online Store. They have offered to sell and have sold products using illicit copies of the Plaintiff's original Copyrighted Photos without permission. See **Exhibit 2** for links to infringing uses of the copyrights on the Defendant's Online Store.

23. Most third-party online marketplace platforms, like the Platform in this case, do not verify new sellers or confirm their identities. This allows infringers to use fake or inaccurate names, business details, and addresses when creating their online stores.

**DEFENDANT'S UNLAWFUL CONDUCT**

24. The quality of Plaintiff's work and the brands to which he license his work have attracted many illicit infringers who copy and display Plaintiff's Copyrighted Photos to sell competing versions of some of the clothing depicted in the Copyrighted Photos.

25. Upon information and belief, Defendant has full knowledge of Plaintiff's ownership and authorship of the Copyrighted Photos.

26. Plaintiff seeks to shut down Defendant's Online Stores, including Lzxcbn where the Defendant displays copies it made of the Copyrighted Photos without permission.

27. Defendant's use of Plaintiff's intellectual property devalues the same by eliminating and/or diluting the exclusiveness of the licenses Plaintiff has issued.

28. Unless restrained permanently by this Court, Defendant's infringing conduct will continue to cause irreparable harm to Plaintiff.

29. Upon information and belief, Defendant will continue to infringe Plaintiff's Copyright for commercial purposes unless permanently enjoined.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

30. Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 29, above.

31. Plaintiff's Copyrighted Photos have substantial value and were produced and created at significant expense.

32. Plaintiff owns all exclusive rights, including the rights to reproduce the Copyrighted Photos into copies, create derivative works based on the copyrighted photo, and distribute copies of the Copyrighted Photos to the public through sale, transfer of ownership, rental, lease, or lending.

33. Defendant continues to use the Plaintiff's Copyrighted Photo to sell its goods in this and other judicial districts.

34. Defendant's unauthorized use of the Copyrighted Photos, for commercial purposes, on its Online Store, constitutes copyright infringement.

35. On information and belief, the Defendant's infringing acts are willful, deliberate, and committed with prior notice and knowledge of the Copyrighted Photos.

36. Defendant either knew, or should have reasonably known, that the Copyrighted Photos were registered with the Copyright Office, as they did not create them and should have, at a minimum, checked before displaying them.

37. As a direct and proximate result of their unauthorized and infringing conduct, Defendant has obtained and continues to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, and Plaintiff's licensees, which Defendant would not otherwise have realized but for its infringement of Plaintiff's Copyrighted Photos.

38. As a result of Defendant's infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, together with and award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

39. Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

40. Additionally, Plaintiff is entitled to and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by the Defendants of their infringing work.

41. Plaintiff has no adequate remedy at law, and, if the Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation as an artist, because the lack of exclusivity over the Plaintiff's works will devalue his portfolio and future ability to license his work.

42. Monetary damages cannot remedy reputational damage and the devaluation of one's future works. Instead, they are irreparable injuries lacking adequate remedies at law, without an injunction.

43. Under 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further displaying the Plaintiff's Copyrighted Photos, ordering that Defendant destroy all unauthorized copies, Defendant's copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and

forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. That the Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using Plaintiff's Copyrighted Photos or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with its registered copyright;

   b. further infringing the Copyright and damaging Plaintiff's reputation and goodwill;

   c. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's stores on the Defendants' Online Stores or the Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which the Defendant could continue to conduct commercial activity using the Plaintiff's Copyrighted Photos; and

   d. operating and/or hosting websites at the Defendant's Internet store and any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyrights.

2. That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which the Defendant has complied with paragraph 1 above.

3. Entry of an Order that, upon Plaintiff's request, those in privity with the Defendant and those with notice of the injunction, including TikTok, AliExpress, Walmart, Amazon, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant's Online Stores, and domain name registrars ("Third Party Providers"), shall:

    a. disable and cease providing services for any accounts through which the Defendants engage in commercial activity using the Plaintiff's Copyrighted Photos, including any accounts associated with the Defendant;

    b. disable and cease displaying any advertisements used by or associated with Defendant that display the Copyrights; and

    c. take all necessary steps to prevent links to the Defendant's Online Stores from displaying in search results, including, but not limited to, removing links to Defendants' domain names from any search index.

4. That Defendant pay to Plaintiff awarded statutory damages of not less than $750 and not more than $30,000 for every infringement of the Copyrights under 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of the Defendant's willful copyright infringement.

5. That Plaintiff be awarded its reasonable attorneys' fees and costs.

6. Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: November 12, 2025

Respectfully Submitted

By: */s/ Joseph W. Droter*
Joseph Droter (IL Bar No. 6329630)
Katherine M. Kuhn (IL Bar No. 6331405)
Nazly Aileen Bayramoglu (NM Bar No. 151569)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973
Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
Nazly@bayramoglu-legal.com
*Attorneys for Plaintiff*